22-6041
Singh v. Garland

BIA
Wright, IJ
A206 180 542

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-four.

PRESENT:
ROBERT D. SACK,
RICHARD J. SULLIVAN,
EUNICE C. LEE,
*Circuit Judges.*

_____

GAGANDEEP SINGH,
*Petitioner,*

v.                                                                  **22-6041**
                                                                    **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:**               Jana Junuz, Law Offices of Jana Junuz, P.C., South Richmond Hill, NY.

**FOR RESPONDENT:**               Brian M. Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Kasey J. Chapman, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gagandeep Singh, a native and citizen of India, seeks review of a January 10, 2022 decision of the BIA affirming an October 10, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gagandeep Singh*, No. A206 180 542 (B.I.A. Jan. 10, 2022), *aff'g* No. A206 180 542 (Immigr. Ct. N.Y.C. Oct. 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA agrees with the IJ's conclusion that a petitioner is not credible, we review both the IJ's and the BIA's decisions. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations "under

the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant[,] . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also Hong Fei Gao*, 891 F.3d at 76. Singh asserted that members of the Congress Party in India assaulted him twice because of his support

3

for the Bharatiya Janata Party ("BJP"). Substantial evidence supports the agency's determination that Singh was not credible.[1]

The agency reasonably relied on omissions from Singh's written statements, inconsistencies stemming from his explanations, and his demeanor while testifying. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, Singh's affidavits did not mention that he reported, or attempted to report, either assault to the police or that he received medical treatment after the second assault. When he testified, however, Singh claimed that he tried to report the first incident, but the police either did not let him into the building or refused to write a report. As the IJ found, Singh's affidavits – which indicated that he was traumatized following the first assault and was afraid to venture outside – contradicted his testimony that he had tried to make a report to the police. And the agency was not compelled to accept Singh's less-than-clear explanations as to why he did not include this

---

[1] Singh's brief asserts that the agency lacked jurisdiction over his proceedings because his notice to appear did not contain the date and time of his hearing. *See* Pet. Br. at 2–3 & n.1. As an initial matter, Singh did not raise this issue before the agency, and therefore it is unexhausted. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). Moreover, because he received a hearing notice and appeared at this hearing, his argument is foreclosed by *Banegas Gomez v. Barr*. *See* 922 F.3d 101, 112 (2d Cir. 2019) ("[A]n NTA that omits information regarding the time and date of the initial removal hearing is . . . adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien."); *see also Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021).

attempt to report to the police in his written statements.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

In addition, although Singh's affidavits did not mention medical treatment following the second attack, his aunt's affidavit stated that his father took him to a doctor after this attack.  Singh then created an inconsistency by testifying that he *both* personally went to a village medical store for treatment of the bruises on his face *and* received the medicine for his face from his father, who procured the medicine from the store.  While "omissions are [generally] less probative of credibility than inconsistencies created by direct contradictions," the agency reasonably relied on the omissions in Singh's affidavits given the lack of clarity in his explanations for these omissions and the inconsistencies in his testimony. *Hong Fei Gao*, 891 F.3d at 78 (quoting *Yongguo Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014)).

The adverse credibility determination was bolstered by the agency's evaluation of Singh's demeanor and the vagueness of his testimony on some

5

points.   We give "particular deference" to an IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (quoting *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005)).   Singh testified that he was Sikh and supported the BJP because it fights against "wrongdoing" by the Congress Party, "help[s] poor people," and "fight[s] against atrocities."   Certified Admin. Record at 116.   When pressed to explain or provide details, Singh referenced only his own beating and atrocities against Sikhs in 1984.   *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008) ("[A] finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless[, as here,] government counsel or the IJ first attempts to solicit more detail.").   And when asked why his affidavits did not include his purported attempt to report the incident to the police, he repeatedly failed to answer the question.

In sum, the omissions, inconsistent explanations, lack of detailed or responsive testimony, and Singh's overall demeanor as observed by the IJ support the agency's adverse credibility determination.   *See* 8 U.S.C. § 1158(b)(1)(B)(iii);

6

*Xiu Xia Lin*, 534 F.3d at 167–68; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court